IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1996 SESSION

FILED

August 16, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9507-CC-00236 |
| Appellee, | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY, |
| RAY ANTHONY FARMER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Burglary) |

FOR THE APPELLANT:          FOR THE APPELLEE:


MICHAEL JONES                CHARLES W. BURSON
District Public Defender     Attorney General & Reporter

COLLIER W. GOODLETT          CYRIL V. FRASER
Asst. Public Defender        Asst. Attorney General
109 South Second St.         450 James Robertson Pkwy.
Clarksville, TN  37041       Nashville, TN  37243-0493

                             JOHN W. CARNEY
                             District Attorney General

                             WILLIAM CLOUD
                             Asst. District Attorney General
                             204 Franklin St., Suite 200
                             Clarksville, TN  37041


OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

                    O P I N I O N

The defendant was charged in the indictment with burglary. He was found guilty at a jury trial and was sentenced to twelve years in the Department of Correction as a career offender. In this appeal as of right, the defendant challenges the State's alleged failure to comply with Tenn. R. Crim. P. 16(a)(1)(C) regarding discovery of tangible objects. We find that the defendant's issue lacks merit, and his conviction is therefore affirmed.

In the early morning hours of June 28, 1994, Clarksville Police Officer Ricky Cumberland was patrolling the College Street area in Clarksville, Tennessee, in a marked police car. As he passed the East College Street Amoco station he noticed that the dome light was on inside a car parked outside the building in front of its large garage door. He proceeded up the street, turned around, shut off his lights and approached the Amoco building again. When he reached the Amoco station he witnessed the defendant run from between the building and the car parked outside. The defendant was carrying a red and black nylon bag, and his pockets were bulging as if full of something. Officer Cumberland pursued the defendant and instructed him to halt. The defendant disregarded Cumberland's instructions and discarded the nylon bag as he ran. After a moderate chase, Cumberland eventually caught the defendant and arrested him.

Cumberland then retrieved the nylon bag, which contained bolt cutters, a small pry bar, two screwdrivers, a small flashlight, a cigarette pack and brown gloves with a dot texture grip on the palm and fingers. The defendant's pockets contained dollar bills, loose and rolled change, and approximately sixteen packs of cigarettes. Included in the cash which the defendant possessed were two stacks of twenty-five one dollar ($1) bills with a rubber band around each stack. Included in the change which the defendant possessed were two rolls of coins, one of nickels and one of pennies which contained

2

more than the allotted number of pennies for the roll.  Upon his arrest, the defendant gave his name as James McQuary to Clarksville Police Detective John Crabbe.

At trial, Donald Gibbs, the owner/operator of the East College Street Amoco station, testified that he had closed the station at approximately 6:00 p.m. on June 27, 1994.  He was called to the scene in the early morning hours of June 28, 1994.  Gibbs noticed that the large garage door had been pulled up approximately two and a half feet and the office had been ransacked.  In addition, the front of the cigarette machine located in the building had been removed and was standing next to the machine.  With regard to monetary losses, Gibbs testified that two stacks of twenty-five one dollar ($1) bills with a rubber band around each stack had been taken from his cash drawer.  Gibbs was also missing one roll of nickels and one roll of pennies with too many coins in the roll.  He testified further that the defendant did not have permission to enter the East College Street Amoco station after business hours.

Doyle Moss, an employee of Vaughn's Vendors, testified that the cigarette machine located at the East College Street Amoco station was owned by Vaughn's Vendors.  Moss had serviced the machine on the Tuesday before the incident.  Moss left twenty-eight assorted cigarette packs in the machine on that date.  When Moss checked the machine after the alleged burglary, the machine contained fourteen cigarette packs.  In addition, all of the change from the machine was missing.

Detective Marty Watson of the Clarksville Police Department testified regarding photographs which he took of the crime scene.  One photograph in particular showed fingerprinting powder bringing up small dot type impressions on a surface.  Watson testified that the impressions resembled the dot texture grip of the gloves found in the nylon bag which the defendant had discarded during his flight from Officer

3

Cumberland. On cross-examination, Watson stated that no fingerprints had been lifted from the crime scene.

Watson photographed the items in the red and black nylon bag. He also photographed the loose and rolled coins, the paper currency, and the cigarettes which Officer Cumberland recovered from the defendant's pockets. The two rolls of coins and the dollar bills were then returned to Donald Gibbs, the owner/operator of the Amoco station. The loose change and the cigarettes were returned to Doyle Moss as the representative of Vaughn's Vendors. As a result, the photographs of these items were introduced as evidence at the defendant's trial, not the items themselves.

In this appeal as of right, the defendant challenges the State's alleged failure to comply with Tenn. R. Crim. P. 16(a)(1)(C) regarding discovery of tangible objects.[1] More specifically, the defendant complains that the State did not allow the defendant to inspect the money or the cigarettes obtained from the defendant after his flight from Officer Cumberland, even though he had filed a standard discovery request prior to trial. He contends that if the tax stamps on the cigarettes were not from Tennessee, it would indicate that the cigarettes found on the defendant were not taken from the machine at the East College Street Amoco station. Since the photographs of the cigarettes introduced at trial do not clearly show the tax stamps, the defendant argues that he was prevented from inspecting possibly exculpatory evidence.

Our analysis of this issue begins, of course, with the text of Tenn. R. Crim. P. 16(a)(1)(C). Tenn. R. Crim. P. 16(a)(1)(C) reads in pertinent part as follows:

_____

[1] Although the defendant frames his argument as a challenge to the sufficiency of the convicting evidence, it is clear that his complaint on appeal stems from the State's alleged failure to provide discovery in accordance with Tenn. R. Crim. P. 16(a)(1)(C). As a result, we will discuss primarily the issue of discovery rather than focus solely on the sufficiency of the evidence.

4

> Upon request of the defendant, the state shall permit the defendant to inspect and copy or photograph ... tangible objects, ... which are within the possession, custody or control of the state, and which are material to the preparation of his defense or are intended for use by the state as evidence in chief at the trial, or were obtained from or belong to the defendant.

From the plain language of the rule, it is clear that the tangible objects which are being sought by the defendant must be "within the possession, custody or control of the state." Tenn. R. Crim. P. 16(a)(1)(C). See also, Raybin, Tennessee Criminal Practice and Procedure, §13.33. In the present case, the loose change and the cigarettes were returned to Vaughn's Vendors, and the rolls of coins and the dollar bills were returned to Donald Gibbs, the owner/operator of the Amoco station. The State photographed all of this evidence for presentation at trial, but the items themselves were returned to their rightful owners. As a result, none of the items were in the possession, custody or control of the State at or after the time of the defendant's discovery request. Accordingly, we can only conclude that the defendant's argument lacks merit because the currency and the cigarettes were not subject to discovery under Tenn. R. Crim. P. 16(a)(1)(C).

Furthermore, even if we were to conclude that it was error for the State to fail to maintain possession of the items and to allow the defendant to inspect them pursuant to his discovery request, the defendant has failed to demonstrate prejudice, and thus, any such error in the case at bar is harmless beyond a reasonable doubt. See Tenn. R. Crim. P. 52(a). In fact, from the record before us, the evidence supporting the defendant's conviction is overwhelming. The record reveals that the East College Street Amoco building was forcibly entered after business hours without the permission of the owner. Among the items missing after the break-in were one roll of nickels, one overfilled roll of pennies, two stacks of twenty-five one dollar ($1) bills with a rubber band around each stack, and approximately fourteen packs of cigarettes.

Officer Ricky Cumberland witnessed the defendant on the property of the East College Street Amoco station after business hours, and upon Cumberland's approach, the defendant fled, ignoring Cumberland's commands to halt. During his flight, the defendant discarded a nylon bag which contained burglary tools. When he was finally arrested, the defendant had in his possession, among other items, one roll of nickels, one overfilled roll of pennies, two stacks of twenty-five one dollar ($1) bills with a rubber band around each stack, and approximately sixteen packs of cigarettes.

Although the evidence of the defendant's guilt is circumstantial in nature, it is a well established principle of law in this state that circumstantial evidence alone may be sufficient to support a conviction. State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, in order for this to occur, the circumstantial evidence "must be not only consistent with the guilt of the accused but it must also be inconsistent with his [or her] innocence and must exclude every other reasonable theory or hypothesis except that of guilt." State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987). In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Tharpe, 726 S.W.2d at 896. Moral certainty as to each element of the offense is required, but absolute certainty is not. Tharpe, 726 S.W.2d at 896.

From a review of the entire record before us, we find that the proof fully supports the jury's verdict of guilt. Furthermore, the defendant does not contend that he was unfairly surprised by any of the evidence presented by the State at trial. Accordingly, we conclude that the defendant has failed to demonstrate any prejudice stemming from the State's alleged failure to provide discovery in accordance with Tenn. R. Crim. P. 16(a)(1)(C).

For the reasons set forth in the foregoing discussion, we find that the defendant's issue on appeal lacks merit. The judgment of the trial court is hereby affirmed.

                                               _____

                                               JOHN H. PEAY, Judge

CONCUR:

_____

DAVID G. HAYES, Judge

_____

WILLIAM M. BARKER, Judge